JT

**FILED**

JULY 15, 2008
MICHAEL W. DOBBINS
CLERK U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

**08 C 50142**

FRANCIS RYAN,                          )
                    Plaintiff,         )
                                       )
       v.                              )
                                       )    No. _____ JUDGE KAPALA
FLEXI-BOGDAHN INTERNATIONAL,           )                         MAGISTRATE JUDGE MAHONEY
GMBH & CO KG, a German Corporation,    )
FLEXI USA, INC., a Wisconsin           )
Corporation and WAL MART STORES,       )
INC., an Arkansas Corporation,         )
                                       )
                    Defendants.        )

## NOTICE OF REMOVAL

TO:    Clerk of the Court
       United States District Court
       Northern District of Illinois
       Western Division
       211 South Court Street
       Rockford, Illinois 61101

       Clerk of the Court
       Sixteenth Judicial Circuit- Circuit Court of DeKalb County
       133 West State Street
       Sycamore, Illinois 60178-1416

       The Cosentino Law Firm
       213 S. 2nd Street
       DeKalb, Illinois 60115

       Defendant Flexi Bogdahn International, GmbH & Co KG, (hereinafter "Flexi

International"), hereby provides its Notice of Removal pursuant to 28 U.S.C.A. §1441. The

grounds for removal are as follows:

       1.      On May 12, 2008, Plaintiff field suit in the Circuit Court of the Sixteenth Judicial

District, DeKalb County, Illinois, entitled, *Francis Ryan v. Flexi-Boghdan Internationl, GMBH*

*& CO KG, Flexi USA, Inc. and Wal Mart Stores, Inc.,* 08 L 50.  See Plaintiff's Complaint, attached hereto as Exhibit A.

2.       Defendant Flexi International received Plaintiff's Complaint in Germany by certified mail on or about June 16, 2008.  See Registered Mail envelope attached hereto as Exhibit B.

3.       Pursuant to 28 U.S.C. §1446(a), Plaintiff's Complaint and Summons are the sole pleadings in the aforementioned case, thus constituting the court file, copy of process, pleadings, and orders served upon this Defendant.

4.       Defendant Flexi International has filed this Notice of Removal within thirty (30) days of service of lawsuit.

5.       Defendant Flexi International is now, and at all times relevant was, a foreign corporation organized and existing under the laws of the Federal Republic of Germany, with its principal place of business in Bargteheide, Germany.  See Plaintiff's Complaint, Exhibit A, Par. 2.

6.       Plaintiff, Francis Ryan, is an individual and is now, and at all time relevant was, a resident of DeKalb County, Illinois.  See Plaintiff's Complaint, Exhibit A, Par. 1.

7.       Co-Defendant Flexi USA, Inc., is now and at all times relevant, was a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Cincinnatti, Ohio.  See Plaintiff's Complaint, Exhibit A, Par. 3.

8.       Co-Defenant Wal Mart Stores, Inc., is now and at all times relevant was, a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business in Bentonville, Arkansas.  See Plaintiff's Complaint, Exhibit A, Par. 4.

9.    There is complete diversity of citizenship of parties in this matter pursuant to 28 U.S.C.A. §1332.

10.    The amount in controversy also exceeds $75,000.00 exclusive of costs and interest. See Affidavit of Ewa Dabrowski, attached hereto as Exhibit C.  Counts I, II and III of Plaintiff's Complaint allege product liability and distributor negligence against Flexi International, Flexi USA, Inc. and Wal Mart Stores, Inc.  Counts IV, V and VI of Plaintiff's Complaint allege strict liability against all three Defendants.  Counts VII and VIII allege breach of warranty of fitness for a particular purpose against Flexi International and Flexi USA, Inc. Counts IX, X and XI allege breach of implied warranty of merchantability against all three Defendants.  Counts XII and XIII allege breach of express warranty against Flexi International and Flexi USA, Inc.  Counts XIV and XV allege breach of warranty of consumer product against Flexi International and Flexi USA, Inc.

11.    Plaintiff's Complaint alleges that he purchased a dog leash from Defendant Wal Mart Stores, Inc. which "malfunctioned when the retractable leash cord separated from the leash casing, causing the hardened plastic leash to hit the plaintiff in the mouth." See Plaintiff's Complaint, Exhibit A, Par. 9.  Plaintiff alleges that Defendants Flexi International and Flexi USA, Inc. negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed and sold the dog leash. See Plaintiff's Complaint, Exhibit A, Counts I & II.  Further that Defendant Wal Mart Stores, Inc. negligently inspected, maintained and sold the dog leash. See Plaintiff's Complaint, Exhibit A, Count III.  Plaintiff further alleges that as a result of the foregoing, he sustained the shattering of several teeth, and will require several oral surgeries over the course of his life for the remainder of his life, including crowns and root canals.  See Plaintiff's Complaint, Exhibit A, Par. 12.

3

12.    The underlying state court is one which this Court has original jurisdiction over pursuant to the provisions of 28 U.S.C.A. §1332 and is one which may be removed to this Court by the petitioner pursuant to the provisions of 28 U.S.C.A. §1441 and §1446 because the matter in controversy exceeds the sum of $75,000.00 exclusive of costs and interests, and a complete diversity exists.

13.    Defendant Flexi International has given written notice of the filing of this Notice of Removal to all attorneys of record and the Clerk of the Sixteenth Judicial Circuit – DeKalb County, Illinois.

*Respectfully submitted,*

**SWANSON, MARTIN & BELL, LLP**


By:  ___/s/ Ewa Dabrowski_____
One of the Attorneys for
Flexi-Bogdahn International
GMBH & Co. KG


David E. Kawala ARDC # 6191156
Ewa Dabrowski ARDC # 6284758
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100/ (312) 321-0990 FAX

EINGEGANGEN

26. Juni 2008

# IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
## DEKALB COUNTY, ILLINOIS

FRANCIS RYAN ) CASE NO.: 08 L 50
_____
Plaintiff(s), )
)
vs. )
)
FLEXI BOGDAHN INTERNATIONAL, et al )
_____
Defendant(s). )

Amount Claimed: **$50,001.00**

| | |
|---|---|
| Plaintiff's Attorney: **BLAKE K. COSENTINO** | TO THE SHERIFF: SERVE THE DEFENDANT AT: |
| Attorney No.: 6282692 | NAME: FLEXI BOGDAHN INTERNATIONAL GMBH & CO KG. |
| Address: 213 S. 2ND STREET | ADDRESS: CARL-BENZ WEG 13 22941 |
| City/State/Zip: DEKALB, IL 60115 | CITY/STATE/ZIP: BARGTEHEIDE, GERMANY |
| Telephone No.: 815/758-4441 | TELEPHONE NO.: 49-4532-40 44 60 |

## SUMMONS

To the above-named Defendant(s):

[ ] A.  You are hereby Summoned and required to appear before this Court, located at _____ _____ at _____ on _____ to answer the Complaint in this case, a copy of which is hereto attached.  If you fail to do so, a judgment by default may be taken against you for the relief asked in the Complaint.

[X] B.  You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this Summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the Complaint.

TO THE OFFICER:

   This Summons must be returned by the Officer or other person to whom it was given for service, with endorsement thereon of Service and fees, if any, immediately after service.  In the event that paragraph "A" of this Summons is applicable this Summons may not be served less than three (3) days before the day of appearance.  If service cannot be made, this Summons shall be returned so endorsed.

   This Summons may not be served later than 30 days after its date if paragraph "B" is applicable.

Witness this date, MAY 12, 2008

_____
Clerk of Court

Date of Service:_____
Time of Service:_____
(to be inserted by Officer on copy left with Defendant.)

**NOTICE TO DEFENDANT IN SMALL CLAIMS UNDER $5,000—SEE REVERSE SIDE**
(Original – Circuit Clerk; Yellow – PL's Atty.; Pink – DF's Copy)

C:\FORMS\CI000031.CIV
REV.: 6/22/99



**EXHIBIT**

A

## NOTICE TO DEFENDANTS - SMALL CLAIMS CASES ONLY
### (Pursuant to Supreme Court Rule)

In a civil action for money (under $5,000) in which the Summons requires your appearance on a specified day, you may enter your appearance as follows:

1. You may enter your appearance prior to the time specified in the Summons by filing a written appearance, answer or motion in person or by attorney at the Office of the Circuit Clerk, DeKalb County Courthouse, 133 West State Street, Sycamore, IL 60178.

2. You may enter your appearance at the time and place specified in the Summons by making your presence known to the Judge when your case is called.

In either event, YOU MUST APPEAR IN PERSON OR BY ATTORNEY at the time and place specified in the Summons or a default Judgment will be entered against you.

When you appear in Court, the Judge will require you to enter your appearance in writing, if you have not already done so. Your written appearance, answer, or motion shall state with particularity the address where service of notice or papers may be made upon you or an attorney representing you.

Your case will not be heard on the date set forth in the Summons unless otherwise ordered by the Court. Only the Court can make an exception. Do not call upon the Court Clerk or the Sheriff's office if you feel you will be unable to be present at the time and place specified. Continuances can be granted only on the day set forth in the Summons. You, or an attorney representing you, MUST APPEAR IN PERSON at the specified time and place and make such a request.

If you do not appear on the return date, most likely a judgment by default will be entered against you for the amounts sought in the complaint.

---

### OFFICIAL SHERIFF PROCESS ONLY

I certify that I served this Summons on defendant(s) as follows:

[   ] (a). (Individual defendant(s)-personal):
By leaving a copy of the Summons and Complaint with each individual defendant(s) personally, as follows:

| Name of Defendant | Date of Service |
|---|---|
|  |  |
|  |  |

[   ](b). (Individual defendant(s)-abode):
By leaving a copy of the Summons and Complaint at the defendant(s) usual place of abode, with some person of the family, or a person residing there of the age of 13 years or upwards, informing that person of the contents of the Summons, and also by sending a copy of the Summons and Complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant(s) at his/her usual place of abode, as follows:

| Name of Defendant | Person with whom left | Date of Service | Mail date |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

[   ] (c). (Corporation defendant(s)):
By leaving a copy of the Summons and Complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant Corporation | Registered Agent | Date of Service |
|---|---|---|
|  |  |  |
|  |  |  |

[   ] (d). (Other service):
_____, Sheriff of _____County by _____,
deputy. Sheriff's Fees: Service and return $_____ + Miles _____ at $_____ per mile = total $_____.
Sheriff_____ of _____County.

EINGEGANGEN
26. Juni 2008
Erl............. =

## IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
## DEKALB COUNTY, ILLINOIS

FRANCIS RYAN,                          )
           Plaintiff,                  )
                             )
                             )      Case No.   O 8  L  5 O
        v.                             )  **FILED**
FLEXI USA, INC., a Wisconsin           )
Corporation and WAL MART STORES,       )   **MAY 1 2 2008**
INC., an Arkansas Corporation,         )
              Defendants       )   Maureen A. Josh
                            Clerk of the Circuit Court
                            DeKalb County, Illinois

## AFFIDAVIT OF COUNSEL

    I, the undersigned counsel for the plaintiff's do swear and affirm under penalty of perjury that the plaintiff has not previously voluntarily dismissed an action based upon the same or substantially the same acts, omissions, or occurrences I was unable to obtain a consultation required by paragraph 1 of 735 ILCS 5/2-623 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. I have sworn out this affidavit for purposes of attaching it to a Complaint at Law sounding in medical negligence.

                                     _____
                                     Chris Cosentino

Subscribed and
Sworn to before me
This **TENTH** day of
May 2008.

_____
NOTARY PUBLIC

Chris Cosentino
ARDC# 6272089
801 E. Main Street
St. Charles, IL 60174
630-377-9730

"OFFICIAL SEAL"
Blake K. Cosentino
Notary Public, State of Illinois
My Commission Exp. 04/19/2009

NOTICE
BY ORDER OF COURT THIS CASE IS
HEREBY SET FOR CASE MANAGEMENT
CONFERENCE TO BE CONDUCTED AT
THE DeKALB COUNTY COURTHOUSE,
SYCAMORE, ILLINOIS, IN ACCORDANCE WITH
SUPREME COURT RULE 213 BEFORE
JUDGE _____ Klein _____ ON _11/10/08_
AT _____ 9:30 ___ AM PM. FAILURE
TO APPEAR MAY RESULT IN THE CASE
BEING DISMISSED OR AN ORDER OF
DEFAULT BEING ENTERED.

**IN THE CIRCUIT COURT FOR THE FIFTEENTH**
**DEKALB COUNTY, ILLINOIS**

FILED

MAY 1 2 2008

Maureen A. Josh
Clerk of the Circuit Court
DeKalb County, Illinois

FRANCIS RYAN,

           Plaintiff,

    v.

FLEXI-BOGDAHN INTERNATIONAL,
GMBH & CO KG, a German Corporation,
FLEXI USA, INC., a Wisconsin
Corporation and WAL MART STORES,
INC., an Arkansas Corporation,

           Defendants

)
)
)
)
)
)
)
)
)
)
)

Case No.

08 L 50

Plaintiff demands trial by jury

## COMPLAINT AT LAW

Plaintiff complains and for causes of action alleges as follows:

## COMMON ALLEGATIONS

1. Plaintiff, Francis Ryan, is an individual and is now, and at all times mentioned in this complaint was, a resident of DeKalb County, Illinois.

2. Defendant Flexi Bogdahn International, GmbH & CO KG is now, and at all times mentioned in this complaint was, a foreign corporation organized and existing under the laws of the Country of Germany, with its principal place of business in Bargteheide, Germany.

3. Defendant Flexi USA, Inc. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Cincinnati, Ohio.

4. Defendant Wal Mart Stores, Inc. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business in Bentonville, Arkansas.

5. Upon information and belief, defendant Flexi Bogdahn International, GmbH & CO KG is now, and at all times mentioned in this complaint was a commercial supplier, in the business of designing, manufacturing, constructing, assembling, inspecting, distributing and selling dog leashes.

6. Upon information and belief, defendant Flexi USA, Inc is now, and at all times mentioned in this complaint was a commercial supplier, in the business of designing, manufacturing, constructing, assembling, inspecting, distributing and selling dog leashes

1

manufactured by itself or by the defendant Flexi Bogdahn International, GmbH & CO KG.

7. Defendant Wal Mart Stores, Inc. is now, and at all times mentioned in this complaint was a commercial supplier, in the business of inspecting and selling at retail to members of the public various types of household products, including dog leashes designed and manufactured by defendants Flexi Bogdahn International, GmbH & CO KG and Flexi USA, Inc.

8. On or about May 10, 2006, plaintiff purchased from defendant Wal Mart Stores, Inc. a dog leash known as a "Classic Long 3" which was designed for "large dogs up to 110 lbs." and that had previously been designed, manufactured, constructed, assembled, inspected, and sold by defendants Flexi Bogdahn International, GmbH & CO KG and Flexi Usa, Inc.

9. On May 10, 2006, the dog leash had not been altered or changed in the condition in which it was supplied to the plaintiff when he attempted to use it, in the proper and intended manner, in the course of walking his dog, which weighed approximately 60 lbs., at which time it malfunctioned when the retractable leash cord separated from the leash casing, causing the hardened plastic leash casing to hit the plaintiff in the mouth which resulted in the injuries and damages described below.

## COUNT I-NEGLIGENCE OF FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

10. At all times mentioned in this complaint, defendant Flexi Bogdahn International, GmbH & CO KG breached the duty to the plaintiff when it so negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed and sold the dog leash that was dangerous and unsafe for its intended uses.

11. As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

12. As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT II-NEGLIGENCE OF FLEXI USA, INC.

2

13. At all times mentioned in this complaint, defendant Flexi USA, Inc. breached the duty to the plaintiff when it so negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed and sold the dog leash that was dangerous and unsafe for its intended uses.

14. As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

15. As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT III-NEGLIGENCE OF WAL MART

16. At all times mentioned in this complaint, defendant Wal Mart Stores, Inc. breached its duty to the plaintiff when it so negligently and carelessly inspected, maintained and sold the dog leash that was dangerous and unsafe for its intended uses.

17. As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

18. As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT IV-STRICT LIABILITY OF FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

19. At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use and such unreasonable dangerousness constituted a breach of the duty owed by the defendant as a commercial supplier to the plaintiff.

3

20. As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

21. As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

22. As the commercial manufacturer of the dog leash, Flexi Bogdahn International, GmbH & CO is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT V-STRICT LIABILITY OF FLEXI USA

23. At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use and such unreasonable dangerousness constituted a breach of the duty owed by the defendant as a commercial supplier to the plaintiff.

24. As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

25. As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

26. As the commercial manufacturer and/or distributor of the dog leash, Flexi USA, Inc. is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT VI-STRICT LIABILITY OF WAL MART

4

27. At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use.

28. As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

29. As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

30. As the commercial seller of the dog leash, Wal Mart Stores, Inc., Inc. is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above as such unreasonable dangerousness constituted a breach of the duty owed by the defendant to the plaintiff.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT VII-BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BY FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG IN VIOLATION OF 810 ILCS 5/2-315

31. Before it manufactured for sale the dog leash in this matter, Flexi Bogdahn International, GmbH & CO KG had reason to know the particular purpose for which the plaintiff bought the dog leash because of the nature of the product.

32. Further, Flexi Bogdahn International, GmbH & CO KG had good reason to know that the plaintiff was relying on the manufacturer's skill in furnishing a suitable dog leash as reflected in the packaging which represented that the leash was suitable for dogs up to 110 lbs. in purchasing the leash.

33. The dog leash was clearly not suitable for that particular purpose, namely for walking a dog under 110 lbs. in weight and the failure of the leash to conform to the particular purpose constitutes a breach of Flexi Bogdahn International, GmbH & CO KG's Implied Warranty of Fitness for a Particular Purpose.

34. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT VIII-BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BY FLEXI USA IN VIOLATION OF 810 ILCS 5/2-315

35. Before it manufactured and/or distributed for sale the dog leash in this matter, Flexi USA, Inc. had reason to know the particular purpose for which the plaintiff bought the dog leash because of the nature of the product.

36. Further, Flexi USA, Inc. had good reason to know that the plaintiff was relying on its skill in furnishing a suitable dog leash as reflected in the packaging which represented that the leash was suitable for dogs up to 110 lbs. in purchasing the leash.

37. The dog leash was clearly not suitable for that particular purpose, namely for walking a dog under 110 lbs. in weight and the failure of the leash to conform to the particular purpose constitutes a breach of Flexi USA's Implied Warranty of Fitness for a Particular Purpose.

38. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT IX-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY BY FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

39. Flexi Bogdahn International, GmbH & CO KG is a seller and manufacturer of dog leashes such as the one purchased here by the plaintiff and as, such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

40. The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

41. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

6

## COUNT X-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY BY FLEXI USA, INC.

42. Flexi USA, Inc. is a seller and/or manufacturer of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

43. The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

44. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XI-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY BY WAL MART STORES, INC.

47. Wal Mart Stores, Inc. is a seller of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

46. The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

47. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XII-BREACH OF EXPRESS WARRANTY BY FLEXI BOGDAHN INTERNATIONAL GMBH & CO KG IN VIOLATION OF 810 ILCS 5/2-313

48. As the manufacturer and seller of the dog leash at issue in this matter, the defendant Flexi Bogdahn International, GmbH & CO KG made several affirmations of fact,

7

promises and descriptions of the dog leash to the buying public, which included the plaintiff, which related to the goods and became part of the basis of the bargain and, therefore, created an express warranty that the goods would conform to the affirmations, promises and descriptions of the dog leash.

49. As an example, the defendant expressly warranted at the time of purchase that flexi retractable leashes (including all parts) are warranted by the manufacturer for a period of one year from the date of purchase to be free from defects in materials and workmanship as originally supplied by the manufacturer.

50. Additionally, the defendant expressed in its packaging that the dog leash purchased by the plaintiff was suitable for dogs up to 110 lbs. and would be able to sustain a dog of that size or smaller.

51. The above warranties were breached as the affirmations of fact, promises and product descriptions were untrue insofar as the dog leash was not free from defects in materials and workmanship and the leash was not suitable for dogs up to 110 lbs. in weight as evidenced by the injuries sustained by the plaintiff in the instant case.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XIII-BREACH OF EXPRESS WARRANTY BY FLEXI USA, INC. IN VIOLATION OF 810 ILCS 5/2-313

52. As the manufacturer and/or seller of the dog leash at issue in this matter, the defendant Flexi USA, Inc. made several affirmations of fact, promises and descriptions of the dog leash to the buying public, which included the plaintiff, which related to the goods and became part of the basis of the bargain and, therefore, created an express warranty that the goods would conform to the affirmations, promises and descriptions of the dog leash.

53. As an example, the defendant expressly warranted at the time of purchase that flexi retractable leashes (including all parts) are warranted by the manufacturer for a period of one year from the date of purchase to be free from defects in materials and workmanship as originally supplied by the manufacturer.

54. Additionally, the defendant expressed in its packaging that the dog leash purchased by the plaintiff was suitable for dogs up to 110 lbs. and would be able to sustain a dog of that size or smaller.

55. The above warranties were breached as the affirmations of fact, promises and product descriptions were untrue insofar as the dog leash was not free from defects in materials and workmanship and the leash was not suitable for dogs up to 110 lbs. in weight as evidenced by the injuries sustained by the plaintiff in the instant case.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XIV-BREACH OF WARRANTY OF CONSUMER PRODUCT IN VIOLATION OF 15 U.S.C. § 2301, ET SEQ. BY FLEXI BOGDAHN INTERNATIONAL GMBH & CO KG

56. As a supplier and warrantor of the dog leash at issue in this case, the defendant Flexi Bogdahn International, GmbH & CO KG is subject to the strictures of the Magnuson-Moss Warranty Act.

57. As a warrantor who gave the plaintiff and similarly situated consumers a written affirmation of fact or written promise made in connection with the sale of a consumer product which related to the nature of the material or workmanship and affirmed or promised that such material or workmanship is defect free or would meet a specified level of performance over a specified period of time, the defendant violated the Magnuson Moss Warranty Act when its product failed to perform as promised.

58. The failure of the defendant's express warranty was the direct and proximate cause of the injuries sustained by the plaintiff and, as a result thereof, he is entitled to damages as well as attorney fees pursuant to 15 USC § 2310.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT XV-BREACH OF WARRANTY OF CONSUMER PRODUCT IN VIOLATION OF 15 U.S.C. § 2301, ET SEQ. BY FLEXI USA, INC.

59. As a supplier and warrantor of the dog leash at issue in this case, the defendant Flexi USA, Inc. is subject to the strictures of the Magnuson-Moss Warranty Act.

60. As a warrantor who gave the plaintiff and similarly situated consumers a written affirmation of fact or written promise made in connection with the sale of a consumer product which related to the nature of the material or workmanship and affirmed or promised that such material or workmanship is defect free or would meet a specified level of performance over a specified period of time, the defendant violated the Magnuson Moss Warranty Act when its product failed to perform as promised.

61. The failure of the defendant's express warranty was the direct and proximate cause of the injuries sustained by the plaintiff and, as a result thereof, he is entitled to damages as well as attorney fees pursuant to 15 USC § 2310.

WHEREFORE, plaintiff demands judgment against defendants as follows:

1. General damages in excess of $50,000.00 according to proof;

9

2. Special damages according to proof;

3. Attorney Fees as provided by the Magnuson Moss Warranty Act;

4. Costs of this action; and

5. Any other and further relief that the court considers proper.

Blake K. Cosentino

Blake K. Cosentino
ARDC# 6282692
213 S. 2nd Street
DeKalb, IL 60115
815-758-4441

10

Form **BCA-5.25**
(Rev. Jan. 2003)

**AFFIDAVIT OF COMPLIANCE FOR SERVICE ON SECRETARY OF STATE UNDER THE BUSINESS CORPORATION ACT**

EINGEGANGEN
26. Juni 2008
Erf.Nr.# 9806-9984

Jesse White
Secretary of State
Department of Business Services
Springfield, IL 62756
217-524-8748
www.cyberdriveillinois.com

Remit payment in check or money order payable to Secretary of State.

This sp~~ace is for u~~se of State.

**FILED**
JUN 0 9 2008
**JESSE WHITE SECRETARY OF STATE**

Date:

Filing Fee:  $10

Approved: ▨

1.  Title and Number of Case:

    Francis Ryan                                   **first named plaintiff**

    Flexi Bogdahn, International GmbH & CO          **first named defendant**          Number  08 L 50

2.  Name of corporation being served:  Flexi Bogdahn, International GmbH & CO KG

3.  Title of court in which an action, suit or proceeding has been commenced:  DeKalb Co. Circuit Court

4.  Title of instrument being served:  Summons and Complaint

5.  Basis for service on the Secretary of State: (check and complete appropriate box)

    a.  ☐  The corporation's registered agent cannot with reasonable diligence be found at the registered office of record in Illinois.

    b.  ☑  The corporation has failed to appoint and maintain a registered agent in Illinois.

    c.  ☐  The corporation was dissolved on _____, _____; the conditions
                                              Month & Day              Year
        of paragraphs (a) or (b) above exist; and the action, suit or proceeding has been instituted against or has affected the corporation within five (5) years thereafter.

    d.  ☐  The corporation's authority to transact business in Illinois has been withdrawn/revoked (circle one) on _____, _____
                                                                 Month & Day        Year

    e.  ☑  The corporation is a foreign corporation that has transacted business in Illinois without procuring authority, contrary to the provisions of the Business Corporation Act of 1983.

6.  Address to which the undersigned will cause a copy of the attached process, notice or demand to be sent by certified or registered mail:  Flexi Bogdahn Int'l, Carl-Benz Weg 13 22841, Bargteheide, Germany

7.  The undersigned affirms, under penalties of perjury, that the facts stated herein are true, correct and complete.

    _____                    May 30          2008
      Signature of Affiant                      Month & Day       Year

                ( 630 )        377-9730
                            Telephone Number

**Return to** (please type or print clearly):

Chris Cosentino
_____
        Name
801 E. Main Street
_____
        Street
St. Charles, IL  60174
_____
City/Town      State        ZIP

Printed by authority of the State of Illinois. June 2005 — 5M — C 213.10



EXHIBIT

B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

FRANCIS RYAN,                                    )
                          Plaintiff,             )
                                                 )
        v.                                       )
                                                 )     No. _____
FLEXI-BOGDAHN INTERNATIONAL,                     )
GMBH & CO KG, a German Corporation,              )
FLEXI USA, INC., a Wisconsin                     )
Corporation and WAL MART STORES,                 )
INC., an Arkansas Corporation,                   )
                                                 )
                          Defendants             )

## AFFIDAVIT OF ATTORNEY EWA DABROWSKI

I, Ewa Dabrowski, after being sworn and upon oath, state that if I were called to an evidentiary hearing I would competently testify on the basis of first hand knowledge to the following:

1.      I am an attorney for Defendant Flexi-Bogdhan International GmbH & Co. KG, in the above-referenced litigation.

2.      I am knowledgeable about the citizenship and principal place of business of Defendant Flexi-Bogdhan International GmbH & Co. KG, which is Bargteheide, Germany.

3.      As an attorney for the above Defendant Flexi-Bogdhan International GmbH & Co. KG, I have a good faith belief, based on the Plaintiff's Complaint, my review of the file, and my experience in handling similar actions, that the parties are in diversity, the amount in controversy exceeds the jurisdictional amount of $75,000 exclusive of costs and interest and removal is proper.

1



EXHIBIT

_C_

FURTHER AFFIANT SAYETH NOT.

_Ewa Dabrowski_

Subscribed and sworn to
before me this 14th day
of July, 2008.

Notary OFFICIAL SEAL
LINDA M SHOCKLEY
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:11/29/11

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

FRANCIS RYAN,                          )
              Plaintiff,        )
                        )
    v.                                )
                        )    No.  ___08  C  50142___
FLEXI-BOGDAHN INTERNATIONAL,           )
GMBH & CO KG, a German Corporation,    )
FLEXI USA, INC., a Wisconsin           )
Corporation and WAL MART STORES,       )
INC., an Arkansas Corporation,         )
              Defendants        )

### NOTICE OF FILING

**F I L E D**

JUL 1 5 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

TO:    Cosentino Law Office
        213 S. 2nd Street
        DeKalb, Illinois 60115

Please take notice that on July 15, 2008, a **Notice of Removal** was filed with the United States District Court for the Northern District of Illinois, Western Division, a true and correct copy of which is attached hereto and served upon you.

Respectfully submitted,

By:  __/s/ Ewa Dabrowski_____
        One of the Attorneys for
        Flexi-Bogdahn International
        GMBH & Co. KG

David E. Kawala ARDC # 6191156
Ewa Dabrowski ARDC#6284758
SWANSON, MARTIN & BELL, LLP
330 North Wabash, Suite 3300
Chicago, IL 60611
(312) 321-9100/ (312) 321-0990 FAX

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

FRANCIS RYAN,　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　　08　c　50142
　　v.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　No.　　08 L 50
FLEXI-BOGDAHN INTERNATIONAL,　　)
GMBH & CO KG, a German Corporation,　)
FLEXI USA, INC., a Wisconsin　　　　　)
Corporation and WAL MART STORES,　　)
INC., an Arkansas Corporation,　　　　　)
　　　　　　　Defendants　　　　　　)

## CERTIFICATE OF SERVICE

　　　I certify that I served the foregoing **Notice of Removal** upon the clerks and counsel of record listed below, via regular US mail, proper postage prepaid, from the offices of Swanson, Martin & Bell, LLP, 330 North Wabash, Chicago, IL 60611 on July 15, 2008.

　　　　　　　　　　　　　　　　/s/ Ewa Dabrowski
　　　　　　　　　　　　　　　　Ewa Dabrowski

　　　[x] Under penalties of perjury, I certify that the statements set forth herein are true and correct.